NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50124 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00565-PA |
| v. | |
| LAWRENCE ROMO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Lawrence Romo appeals from the district court's judgment imposed

following his guilty-plea conviction for possession of child pornography, in

violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).  We have jurisdiction under 28

U.S.C. § 1291, and we vacate and remand with instructions to correct the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment.

Romo contends that this case should be remanded for the district court to correct three errors in the written judgment. The government agrees, as do we. First, the record reflects that Romo was convicted of possession, not distribution, of child pornography. Accordingly, the court shall strike the judgment's description of Romo's offense and replace it with: possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

Second, the district court shall conform the language of condition number 10 of supervised release in the written judgment to the language of condition number 11 in the December 11, 2014 "Notice of Conditions of Supervised Release" that the parties agree was incorporated by reference into the court's oral pronouncement of sentence. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (remanding to conform the written judgment to the oral sentence because the oral pronouncement controls).

Finally, the district court shall uncheck the box requiring Romo to comply with General Order 01-05. The court did not impose this condition at sentencing and it is inapplicable here because Romo was not ordered to pay a fine or restitution. *See* C.D. Cal. General Order 01-05.

**VACATED and REMANDED to correct the judgment.**